**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


ERNEST BLANCO, JR.,

      Plaintiff,

v.                                            CASE NO: 8:14-cv-1084-T-26TBM

UNITED STATES OF AMERICA,

      Defendant.

_____/


## **O R D E R**

The Plaintiff, proceeding *pro se*, has filed a Motion to Vacate pursuant to 28 U.S.C. §

2255.  The Court has undertaken a prompt, preliminary examination of the motion together with

the record of the underlying criminal proceedings.[1]  After doing so, the Court concludes that the

motion is due to be denied without the need for a response from the Defendant or an evidentiary

hearing because it plainly appears from the face of the motion and the underlying criminal

proceedings that the motion is time-barred.

The record in the Plaintiff's criminal proceedings reflects that the Eleventh Circuit Court

of Appeals issued its opinion affirming his conviction on December 7, 2012.[2]  Under the law, the

Plaintiff had 90 days from that date to file a petition for writ of certiorari with the Supreme Court

---

[1]  See case number 8:10-cr-535-T-26TBM.

[2]  See id., docket 83 (reported at United States v. Blanco, 500 Fed. App'x. 855 (11ᵗʰ Cir.
2012) (unpublished).

pursuant to Supreme Court Rule 13(3). See Close v. United States, 336 F.3d 1283, 1284-85 (11th Cir. 2003) (citing and quoting Clay v. United States, 537 U.S. 522, 123 S.Ct. 1072, 1075, 155 L.Ed.2d 88 (2003)). Because the Plaintiff did not formally file a certiorari petition,[3] his judgment of conviction became final for purposes of the one-year statute of limitations imposed by § 2255(f)(1) for filing a motion to vacate on March 7, 2013. Close, 336 F.3d at 1285. According to the Plaintiff's motion, he signed and executed his motion on April 18, 2014. Thus, the Court must deem the motion filed as of that date under the prison mail box rule.

In light of the foregoing procedural history of the Plaintiff's underlying criminal and appellate proceedings, it is undisputed that he filed his motion to vacate more than one year after his conviction became final. Consequently, the Plaintiff's motion to vacate is time-barred and must be denied.

Accordingly, for the reasons expressed, the Plaintiff's Motion to Vacate (Dkt. 1) is denied. The Clerk is directed to enter judgment for the Defendant and to close this case.

Additionally, the Court declines to issue a certificate of appealability because the Plaintiff has failed to make a substantial showing of the denial of a constitutional rights as required by 28 U.S.C. § 2253(c)(2). Nor will the Court allow the Plaintiff to proceed *in forma pauperis* on appeal because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Instead, the Plaintiff will be required to pay the full amount of the appellate filing fee pursuant to §§ 1915(b)(1) and (2).

**DONE AND ORDERED** at Tampa, Florida, on May 8, 2014.

---

[3] Although the Plaintiff represents in his motion that he filed such a petition with the Supreme Court in the form of a certified letter, a Westlaw check of the Supreme Court's docket does not reflect the formal filing of such a petition.

s/*Richard A. Lazzara*

**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record